# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

FRANCISCO CABRERA,

                            Petitioner,

    vs.

JAMES YATES, Warden,

                           Respondent.

CASE NO. 09cv1330-H (PCL)

**ORDER DENYING THE HABEAS PETITION**

On June 17, 2009, Francisco Cabrera, ("Petitioner") a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus challenging his California convictions and sentence pursuant to 28 U.S.C. § 2254.  (Doc. No. 6.)  On June 17, 2009, Petitioner also filed a motion for appointment of counsel.  (Doc. No. 3.)  On July 6, 2009, the Court dismissed the habeas petition without prejudice, and Petitioner filed an amended petition on August 10, 2009.  (Doc. Nos. 4, 6.)  On October 23, 2009, Respondent filed an answer, and Petitioner filed a traverse on January 4, 2010.  (Doc. Nos. 9, 11.)  On January 7, 2010, the magistrate judge issued a report and recommendation to deny the petition.  (Doc. No. 12.)  On January 28, 2010, Petitioner filed an objection to the report and recommendation.  (Doc. No. 14.)

After due consideration, the Court denies the petition for habeas corpus.

////

////

////

# BACKGROUND

Federal habeas courts presume the correctness of a state court's determination of factual issues unless Petitioner "rebut[s] the presumption of correctness by clear and convincing evidence."  28 U.S.C. § 2254(e)(1) (2006).  The parties do not challenge the accuracy of the California Court of Appeal's summary of the underlying facts adduced at trial, although Petitioner disputes his guilt of the rape.  The court of appeal summarized the underlying facts as follows:

Appellant and defendant Francisco Cabrera and Claudia T. began a romantic relationship in 2003. Because Claudia discovered appellant was seeing another woman, Claudia attempted to end the relationship in November 2004 and again in January 2005. Claudia was afraid of appellant, and in February and March 2005 she took measures to prevent appellant from finding her, including storing her car at a friend's house because she was afraid appellant might see her in it.

On March 23, 2005, appellant found Claudia at a car wash in San Diego. After climbing inside Claudia's car and talking to Claudia for a while, appellant forced Claudia into the passenger seat and drove Claudia's car to a motel in Tijuana. During the trip to Tijuana, appellant threatened to stab Claudia; and when they reached the motel, appellant forced Claudia to go into a room and undress. Appellant undressed and lay down on top of Claudia. Claudia told appellant to stop; however, while appellant was on top of Claudia, he partially inserted his penis in her vagina. Claudia screamed and appellant stopped. Because Claudia wanted to get appellant off her, she began "sweet-talking" appellant and told him they could get back together. Appellant eventually drove Claudia back to the car wash, and on two additional occasions Claudia met appellant. According to Claudia, she met with appellant because she wanted to convince him that she no longer loved him and that she wanted to end their relationship. Her efforts at ending the relationship peacefully were not successful.

On April 1, 2005, Claudia went to the Chula Vista police and reported the events of March 23, 2005. At that point Claudia was afraid of appellant and was planning to move. In addition to reporting the assault of March 23, Claudia reported appellant was constantly calling her and driving by the house where she was staying.

On the morning of April 6, 2005, Claudia found appellant sitting in the back seat of her car. When Claudia started screaming, appellant got out of the car, grabbed Claudia, twisted her shirt collar, punched her in the chin and forced her into her car. Neighbors who witnessed the incident called police. Appellant and Claudia struggled in the car, and

appellant started driving in a somewhat circuitous route toward the San Ysidro border crossing. The car was stopped at the border by police officers. Appellant attempted to flee on foot and was apprehended. As appellant was booked into jail, a police officer asked him whether he had taken Claudia against her will. Appellant replied: "Yes, but I didn't know it was kidnapping for an adult."

The district attorney filed an information against appellant, alleging he was guilty of forcible rape, two counts of kidnapping, making a criminal threat, carjacking and inflicting corporal punishment on a roommate. The information further alleged appellant had a prior record which included convictions for domestic violence.

Prior to the preliminary hearing, appellant called Claudia from jail and apologized. Appellant stated: "Look, forgive me. I love you a whole lot. What I did, I did it because I love you a whole lot and I wanted ... to fix the whole, the, the situation with us. I don't know what to do. .... [T]hey want to give me ten years. I want you to help me in court." Appellant then asked Claudia to testify that she had just been mad at him. Appellant's call was recorded and at trial the prosecution played it for the jury.

At the preliminary hearing and at trial, Claudia in fact altered her previous recapitulation of the events of March 23. At the preliminary hearing, Claudia acknowledged she initially told police officers appellant raped her, but testified the sex was consensual and that at the time she spoke to police officers, she was just mad at appellant.

At the conclusion of the preliminary hearing, the magistrate declined to bind appellant over on the rape allegation, but did bind appellant over on all the remaining allegations of the information. The magistrate stated: "I'm not making a factual finding. I just think I wouldn't want to stand in front of a jury and say that she was raped if I were a prosecutor. Who knows what the truth really is? Only two of them were in the room, and only they know. So I'm not making a factual finding as to that."

"But I am saying that the evidence is insufficient for me to not even a threshold amount of believability as far as I'm concerned that she was raped. But maybe she was. I don't know.... She could have been."

Following the preliminary hearing, the district attorney refiled the information and again included the rape allegation. Appellant moved under Penal Code section 995 to dismiss the

rape allegation, and the trial court denied his motion.[1]  Prior to
trial appellant did not challenge the trial court's ruling on his
motion.

(Lodg. 10 at 2-5.)

At trial the victim again testified that Petitioner did not rape her and that she had been mad at him when she filed the police report.  (Lodg. 10 at 4.)  This testimony was impeached through police officers' testimony regarding her prior statements to them.  (Lodg. 10 at 4.)  Furthermore, the jury heard the recording of a phone call Petitioner made from jail to the victim prior to his preliminary hearing asking for help in avoiding prison.  (Lodg. 10 at 4.)  The trial court also disallowed a claim of right defense to the carjacking charge, and allowed two of Petitioner's former girlfriends to testify regarding prior episodes of domestic abuse involving Petitioner.[2]  On October 17, 2005, a jury convicted Petitioner of forcible rape, two counts of kidnaping, making a criminal threat, car jacking, and corporal injury on a roommate.  (Lodg. 2, Vol. 1, CT at 158-65; Vol. 2, CT at 321.)  On January 6, 2006, the trial court sentenced Petitioner to fifteen years to life on the rape conviction plus a five year consecutive sentence on the carjacking conviction.  (Lodg. 10 at 5-6.)  The trial court did not impose a term on one of the kidnapping convictions because it was used to enhance the rape sentence.  (Lodg. 10 at 5-6.)  The court also imposed sentence on the remaining counts, but stayed each of these sentences.  (Lodg. 10 at 5-6.)

Petitioner filed a direct appeal in the California Court of Appeal, Fourth Appellate District, alleging: (1)  the trial court erred by allowing the district attorney to refile the rape charge after it was dismissed at the preliminary hearing; (2) the trial court erred by prohibiting Petitioner from presenting a claim of right defense to the car jacking charge; (3) the trial court erred by imposing a four-year term on the corporal punishment count; and (4) California Evidence Code section 1109 is unconstitutional.  (Lodg. 7.)  On June 25, 2007, the court of

---

[1] CAL. PENAL CODE § 995(a)(2) (2008) provides in pertinent part that an information shall be set aside by the court in which the defendant is arraigned if before the filing thereof the defendant had not been legally committed by a magistrate, or that the defendant had been committed without reasonable or probable cause.

[2] This testimony was admitted under CAL. EVID. CODE § 1109 (2006), which provides for the admission of evidence of the defendant's commission of other incidents of domestic violence if the defendant is presently accused of an offense involving domestic violence.

appeal filed a published opinion, ordering the sentence on Petitioner's corporal punishment count to be reduced and stayed, and in all other respects affirming the trial court's judgements.[3] (Lodg. 10 at 2, 15.)  On August 6, 2007, Petitioner filed a petition for review in the California Supreme Court regarding the remaining claims denied by the court of appeal.  (Lodg. 11.)  On October 12, 2007, the supreme court summarily denied these claims.  (Lodg. 12.)

On February 5, 2008, Petitioner filed a petition for writ of habeas corpus in the San Diego County Superior Court alleging: (1) the trial court erred by allowing the district attorney to refile the rape charge after it was dismissed at the preliminary hearing; (2) the failure to impose a sentence on one of the kidnaping counts result in an unauthorized sentence; and (3) the trial court erred when it prohibited Petitioner from presenting a claim of right defense to the carjacking charge.  (Lodg. 13.)  On April 2, 2008, the court denied the petition because Petitioner's claims had either been presented on appeal or could have been presented on appeal.  (Lodg. 14 at 2.)  On June 5, 2008, Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal alleging the same three claims presented to the superior court and additional claims of prosecutorial error and ineffective assistance of trial and appellate counsel.  (Lodg. 15.)  On July 29, 2009, the court of appeal denied the petition on all grounds because Petitioner's claims were either repetitive, could have been presented on direct appeal, or were incomprehensible.  (Lodg. 16.)  On October 20, 2008, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court alleging essentially the same claims brought before the court of appeal.  (Lodg. 17.)  On April 22, 2009, the petition was summarily denied.  (Lodg. 18.)

## DISCUSSION

The district court "shall make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, modify, in whole or in part, the findings or recommendations made by the magistrate."  28 U.S.C. § 636(b)(1) (2006). Petitioner objects to the report and recommendation.  (Doc. No. 14.)  Accordingly, the Court shall make a de novo determination of all sections of the report and recommendation.

---

[3] People v. Cabrera, 152 Cal.App.4th 695 (2007).

Federal habeas petitions filed after April 24, 1996, are governed by AEDPA.  See 28 U.S.C. § 2254(d) (2006); Lindh v. Murphy, 521 U.S. 320, 336-27 (1997).  AEDPA provides the following standard of review applicable to state court decisions:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (2006).

AEDPA establishes a "highly deferential standard for evaluating state-court rulings," requiring that "state-court decisions be given the benefit of the doubt."  Woodford v. Visciotti, 537 U.S. 19, 24 (2002).  A state court's decision is "contrary" to clearly established federal law if it applies a rule that contradicts governing Supreme Court authority, or it "confronts a set of facts that are materially indistinguishable from" a Supreme Court decision and reaches a different result.  Early v. Packer, 537 U.S. 3, 8 (2002).  Clearly established federal law refers to the holdings, not the dicta, of Supreme Court decisions at the time of the relevant state court decisions.  Williams v. Taylor, 529 U.S. 362, 412 (2000).  A state court's application of federal law is "unreasonable" only if it is "objectively unreasonable."  Wiggins v. Smith, 539 U.S. 510, 520-21 (2003) (citation omitted).  An "incorrect or erroneous" application is insufficient.  Id.  Lastly, a state court's adjudication rests on an unreasonable determination of the facts if the state court's factual findings are objectively unreasonable.  Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).  The state court's factual determinations are presumed to be correct and Petitioner has the burden of rebutting this presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1) (2006).

Rule 2(c) of the Rules Governing Section 2254 Cases requires the habeas petition to "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground."  Rule 2(c), 28 U.S.C. foll. § 2254 (2004).  "Notice pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error."

1   Advisory Committee notes to § 2254, 28 U.S.C.A. § 2254, p. 1111.  See Mayle v. Felix, 545

2   U.S. 644, 655 (2005) (quoting this language with approval); Wacht v. Cardwell, 604 F.2d

3   1245, 1247 (9th Cir. 1979).  Conclusory allegations unsupported by statements of facts do not

4   warrant habeas relief.  James v. Borg, 24 F.3d 20, 26 (1994).

5                                    A.  The Rape Charge

6          Petitioner claims his right to due process was violated when the trial court allowed the

7   district attorney to refile the rape charge after it was dismissed at the preliminary hearing.

8   (Doc. No. 6 at 6.)  Petitioner alleges further violations of equal protection, but does not state

9   the facts supporting these grounds.  (Doc. No. 6 at 9.)  Respondent argues there is no

10  cognizable federal claim presented because there is no constitutional right to a preliminary

11  hearing, and Petitioner's claims rest solely on a question of state law interpretation which was

12  based on a reasonable determination of the facts.  (Doc. 9-1 at 13-15.)

13         Federal habeas courts are bound by a state's interpretation of it's own laws, and any

14  error of interpretation is inconsequential unless it violates the Constitution, laws, or treaties,

15  of the United States.  Estelle v. McGuire, 502 U.S. 62, 68 (1991); Jackson v. Ylst, 921 F.2d

16  882, 885 (9th Cir. 1990).  Under California law, a judge may dismiss a charge filed in an

17  information at a preliminary hearing if the judge determines as a matter of fact that the offense

18  did not occur or the evidence presented does not establish probable cause to believe the crime

19  was committed.  People v. Day, 174 Cal.App.3d 1008, 1015 (Ct. App. 1985).  The district

20  attorney may not refile the dismissed charge if the magistrate determines as a matter of fact the

21  offense did not occur.  Jones v. Superior Court, 4 Cal.3d 660, 666 (1971).

22         The district attorney may refile the dismissed charge if the magistrate determines

23  probable cause was not established, and if the offense arises from the transaction that was the

24  basis for the commitment on the related crime and the offense is shown by the evidence taken

25  before the magistrate to have been committed.  CAL. PENAL CODE § 739; Day, 174 Cal.App.3d

26  at 1015-16.  The California Superior Court reviews the refiled charge to determine if the

27  evidence is legally sufficient to support a finding of probable cause if the accused attacks the

28  refiled charge through a CAL. PENAL CODE section 995 motion.  Day, 174 Cal.App.3d at 1015-

16. The refiled charge will stand and the case will proceed to trial on the amended information if the California Superior Court finds probable cause to believe the charged crime was committed. Id. California Courts hold this process provides the accused sufficient notice of the charges they may face at trial. See People v. Brice, 130 Cal.App.3d 201, 207 (1982) (the totality of the evidence produced at the preliminary hearing determines whether the defendant had sufficient notice of the potential charges).

Constitutional due process requires the accused to have reasonable notice of the charges against him and an opportunity to be heard in his defense. In re Oliver, 333 U.S. 257, 273 (1948). Reasonable notice must include disclosure of the "specific issues" the party must meet, and appraisal of the "factual material" relied upon by the government so the accused may rebut it. In re Gault, 387 U.S. 1, 33-34 (1967); Bowman Transp., Inc. v. Arkansas-Best Freight System, Inc., 419 U.S. 281, 288 (1974). Due process also requires a conviction to be based upon sufficient evidence that convinces a trier of fact beyond a reasonable doubt of the existence of every element of the charged offense. Jackson v. Virginia, 443 U.S. 307, 315-16 (1979).

The denial of a habeas petition by the California Supreme Court without comment or citation constitutes a decision "on the merits of the federal claims presented." Hunter v. Aispuro, 982 F.2d 344, 347-48 (9th Cir. 1992). When there is no reasoned decision from the state's highest court, the reviewing federal court "looks through" to the rationale of the underlying reasoned decision. Ylst v. Nunnemaker, 501 U.S. 797, 804 (1991); Campbell v. Rice, 408 F.3d 1166, 1170 (9th Cir. 2005). Under California law, an erroneous CAL. PENAL CODE section 995 ruling is only reversible if the defendant demonstrates prejudice at trial flowing from the purportedly inadequate evidentiary showing at the preliminary hearing. People v. Crittenden, 9 Cal.4th 83, 136-37 (1994). The defendant cannot be prejudiced if sufficient evidence is introduced at trial to support the jury's finding of guilt. Id. Conclusory allegations unsupported by statements of facts do not warrant habeas relief. James v. Borg, 24 F.3d 20, 26 (1994).

Here, the Court denies Petitioner's claims because there was no constitutional violation

of due process, the state court's adjudication of this claim rested on a reasonable determination of the facts, and Petitioner's equal protection claims are conclusory allegations unsupported by facts. <u>Gault</u>, 387 U.S. at 33-34; <u>Bowman</u>, 419 U.S. at 288; <u>Jackson</u>, 443 U.S. at 315-16; <u>Ali</u>, 584 F.3d at 1180-81; <u>James</u>, 24 F.3d at 26. Petitioner's constitutional right to due process was not violated because he was provided reasonable notice of the charges against him and his rape conviction was based upon sufficient evidence presented at trial.[4] <u>Gault</u>, 387 U.S. at 33-34 (1967); <u>Bowman,</u> 419 U.S. at 288; <u>Jackson</u>, 443 U.S. at 315-16. Specifically, Petitioner was informed of the rape charge and the facts underlying this charge by: (1) the original information; (2) the proceedings at the preliminary hearing; (3) the refiled information; and (4) the superior court's finding of probable cause to support the rape charge at the hearing on the section 995 motion to dismiss. (Lodg. 10 at 2-5.) Moreover, Petitioner's phone call to the victim in this case asking for help in avoiding jail time further indicates he was aware of the rape charge and the underlying facts supporting this charge. (Lodg. 10 at 2-5.) At trial, the jury was presented with the statements of police officers regarding the victim's initial police report of the rape, and Petitioner's phone call to the victim asking for help in avoiding prison. (Lodg. 10, at 6-7.) The jury credited this evidence over the victim's trial testimony claiming the sexual encounter she had with Petitioner was consensual. (Lodg. 10 at 2-4.) Accordingly, the jury found each element of the rape charge beyond a reasonable doubt and returned a guilty verdict. (Lodg. 10 at 2-4.)

The court of appeal's adjudication of this claim was based on a reasonable determination of the facts. <u>Ali</u>, 584 F.3d at 1180-81. This Court "looks through" to the decision of the court of appeal to determine the objective reasonableness of the court's determination of the facts. <u>Ylst</u>, 501 U.S. at 804. The court of appeal held Petitioner was not prejudiced by the trial court's section 995 ruling because sufficient evidence of the rape was presented at trial. <u>Crittenden</u>, 9 Cal.4th at 136-37. (Lodg. 10 at 4-6.) Specifically, the court

---

[4] CAL. PENAL CODE § 261(a)(2) provides in pertinent part that rape is an act of sexual intercourse accomplished with a person not the spouse of the perpetrator. . .against a person's will by means of force, violence, duress, menace, or fear of immediate and unlawful bodily injury on the person of another.

of appeal found the evidence supporting the rape conviction was sufficient because it was based upon the statements of police officers regarding the victim's initial police report of the rape, and Petitioner's phone call to the victim asking for help in avoiding prison.  (Lodg. 10, at 6-7.)  This Court's review of the trial record confirms the objective reasonableness of the court of appeal's determination of these facts.  (Lodg. 1, RT at 66-67; Lodg. 6. Vol 1, RT at 6.)  Lastly, Petitioner's equal protection claims are conclusory allegations devoid of supporting facts, and they do not warrant habeas relief.  James, 24 F.3d at 26.  See (Doc. No. 6 at 9.)  Accordingly, the Court denies habeas relief on this ground.

## B.  State Sentencing

Petitioner claims a constitutional error was committed when the trial court failed to impose sentence on one of his kidnapping charges and instead used it to enhance his sentence for the rape charge.  (Doc. No. 6 at 11-12.)  According to Petitioner, this resulted in an unauthorized sentence.  (Doc. No. 6 at 11-12.)  Petitioner further argues this claim cannot be procedurally barred because he is actually innocent of the rape and kidnapping.  (Doc. No. 6 at 13.)  Respondent argues Petitioner's sentencing claim is procedurally defaulted, and does not present a cognizable federal claim because it only involves the interpretation and application of state law.  (Doc. No. 9 at 17-18.)

A federal court may not review a habeas claim if the decision of the state court rested on a state law ground, whether substantive or procedural, that is independent of the federal question and adequate to support it.  Coleman v. Thompson, 501 U.S. 722, 731-32 (1991); Thomas v. Lewis, 945 F.2d 1119, 1122 (9th Cir. 1991).  A decision on procedural grounds deprives a federal court of jurisdiction to consider a federal claim.  Sochor v. Florida, 504 U.S. 527, 533 (1992).  Even a discretionary state procedural rule can serve as an adequate ground to bar federal habeas review.  Beard v. Kindler, 130 S.Ct. 612, 618 (2009).  Once the state has pled the existence of an independent and adequate state procedural ground as an affirmative defense, the burden to overcome that defense shifts to Petitioner.  Bennett v. Mueller, 322 F.3d 573, 586 (9th Cir. 2003).  Petitioner may satisfy this burden by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, such as inconsistent

application of the rule.  Id.  A claim of actual innocence can also defeat a procedural bar. Herrera v. Collins, 506 U.S. 390, 417 (1993).  This claim requires Petitioner to make an "extraordinarily high" threshold showing of actual innocence.  Id.  The claim "must go beyond demonstrating doubt about his guilt, and must affirmatively prove that he is probably innocent."  Id.  See also Carriger v. Stewart, 132 F.3d 463, 476 (9th Cir. 1997) (requiring affirmative proof of innocence, not merely an attack on the evidence presented at trial).

California's sentencing provisions raise questions of state law federal habeas courts are not authorized to revisit.  Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989); Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985).  A federal court can only intervene if there were errors so fundamentally unfair as to constitute a due process violation.  See Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994).  The category of infractions that violate "fundamental fairness" are defined "very narrowly."  Dowling v. U.S., 493 U.S. 342, 352-53 (1990); Spencer v. Texas, 385 U.S. 554, 563-64 (1967) ("Due process clause guarantees the fundamental elements of fairness in a criminal trial.").  Due process requires a conviction to be based on a charge made and sufficient evidence that convinces a trier of fact beyond reasonable doubt of the existence of every element of the charged offense. Jackson v. Virginia, 443 U.S. 307, 315-16 (1979).

Here, Petitioner's sentencing claim is procedurally defaulted, and  Petitioner did not meet his shifted burden nor establish actual innocence.  Beard, 130 S.Ct. at 618; Herrera, 506 U.S. at 417; Bennett, 322 F.3d at 586.  Petitioner raised this sentencing issue in all his state habeas petitions.  (Lodg. 13-18.)  All levels of the California State Court system rejected Petitioner's sentencing claim because Petitioner failed to raise the issue on direct appeal.  In re Dixon, 41 Cal.2d 756, 759 (1953).  Respondent properly raised this affirmative defense, and Petitioner did not meet this shifted burden.  Bennett, 322 F.3d at 586.  See (Doc. No. 9-1 at 17; Doc. No. 11, 14.)  Petitioner did not establish "actual innocence" to overcome this procedural bar.  Herrera, 506 U.S. at 417.  Petitioner cites  no new evidence of innocence, no new legal theory, and only attacks the evidence presented at trial.  Carriger, 132 F.3d at 476.  (Doc. No. 6 at 13.)  His allegations of actual innocence are conclusory, and do meet the "extraordinarily

high" standard required for actual innocence claims. <u>Herrera</u>, 506 U.S. at 417; <u>James v. Borg</u>, 24 F.3d 20, 26 (1994).  Lastly, even if Petitioner's sentencing claim was not procedurally defaulted, this claim only raises questions of state law this Court is not authorized to revisit because there was no fundamental unfairness. <u>Miller</u>, 868 F.2d at 1118-19; <u>Christian</u>, 41 F.3d at 469.  There is no fundamental unfairness because Petitioner's convictions conformed with due process requirements. <u>Jackson</u>, 443 U.S. at 314-16.  The kidnapping and rape allegation were both charged by information and the jury found each element of the alleged charges beyond a reasonable doubt.  (Lodg. 10 at 2-4.)  Accordingly, the Court denies the habeas petition on this ground.

### C.  Claim of Right Defense

Petitioner conclusorly claims structural error, a violation of an international treaty, and a violation of his "right to a fair trial" occurred when the trial court disallowed a claim of right defense to the carjacking charge and refused to instruct the jury on this defense.  (Doc. No. 6 at 14-15.)  In essence, a claim of right defense asserts the defendant had a good faith belief that he was entitled to the property taken which negates the intent to steal.  <u>United States v. Becerril-Lopez</u>, 541 F.3d 881, 892 (9th Cir. 2008);  <u>People v. Tufunga</u>, 21 Cal.4th 935, 938 (1999). Respondent argues the court of appeal reasonably rejected this claim under state law, and that this result was consistent with, and a reasonable application of, clearly established federal law.  (Doc. No 9-1 at 18-20.)

The state defines crimes and defenses.  <u>Clark v. Arizona</u>, 548 U.S. 735, 749 (2006).  Federal habeas courts are bound by the state's interpretation of it's own laws.  <u>Estelle v. McGuire</u>, 502 U.S. 62, 68 (1991).  Federal habeas courts may only consider whether evidence admitted or excluded at trial violated due process and infringed Petitioner's right to a fair trial. <u>Estelle</u>, 502 U.S. at 68; <u>Windham v. Merkle</u>, 163 F.3d 1092, 1103 (9th Cir. 1998).  There is no constitutional right to present irrelevant, incompetent, privileged, or otherwise inadmissible evidence.  <u>Montana v. Egelhoff</u>, 518 U.S. 37, 42 (1996); <u>Wood v. Alaska</u>, 957 F.2d 1544, 1549-50 (9th Cir. 1992).

Here, Petitioner's constitutional rights were not violated because evidence of ownership

1    was not a defense to the crime of carjacking, and this evidence was therefore irrelevant.

2    Egelhoff, 518 U.S. at 42; Wood, 957 F.2d at 1549-50; People v. Cabrera, 152 Cal.App.4th 695,

3    701-02 (2007).  Under California law, the crime of carjacking "is strictly a crime against

4    possession rather than ownership . . . [and] is not subject to a claim of right defense." Cabrera,

5    152 Cal.App.4th at 701-02.  This Court is bound by the state's holding that there is no claim

6    of right defense to the crime of carjacking.  Estelle, 502 U.S. at 68.  Therefore, Petitioner had

7    no constitutional right to present this irrelevant evidence and it's exclusion raises no

8    constitutional concern because it is not a valid defense to the crime charged.  Egelhoff, 518

9    U.S. at 42; Wood, 957 F.2d at 1549-50.  Accordingly, the Court denies the habeas petition on

10   this ground.

11                              D.  Ineffective Assistance of Counsel

12          Petitioner does not present his ineffective assistance of counsel ("IAC") claim as a

13   distinct ground for relief.  (Doc. No. 6 at 25.)  Rather, Petitioner suggests the Court should

14   factor alleged attorney misconduct into it's ruling on the other grounds.  (Doc. No. 6 at 25.)

15   Specifically, Petitioner claims his counsel: (1) failed  to challenge the district attorney's

16   refiling of the rape charge; (2) failed to investigate Petitioner's understanding of English and

17   need for a Spanish interpreter at trial; (3) failed to seek sufficient information from Petitioner

18   "about his relationship;" and (4) failed to provide Petitioner an accurate prediction of the likely

19   outcome and the effects of going to trial.  (Doc. No. 6 at 24-25.)

20          The Court has a "duty . . . to construe pro se pleadings liberally, especially when filed

21   by prisoner." Hamilton v. United States, 67 F.3d 761, 764 (9th Cir. 2005).  To demonstrate

22   ineffective assistance of counsel, Petitioner must show his counsel's performance was deficient

23   and that this deficiency prejudiced his defense.  Strickland v. Washington, 466 U.S. 668, 687

24   (1984).  A deficient performance is one that is "outside the wide range of professionally

25   competent assistance." Id. at 689.  Prejudice requires "showing that counsel's errors were so

26   serious as to deprive defendant of a fair trial, a trial whose result is reliable." Id. at 687.

27   Counsel is "strongly presumed to have rendered adequate assistance and made all significant

28   decisions in the exercise of reasonable professional judgment." Id. at 690. Conclusory

1   allegations which are not supported by a statement of specific facts do not warrant habeas

2   relief.  James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994).

3        The Court construes Petitioner's complaint liberally, and will therefore treat Petitioner's

4   IAC claim as a distinct ground for relief.  Hamilton, 67 F.3d at 764.  Here, Petitioner's claims

5   of IAC are either rebutted by the state court record or conclusory allegations unsupported by

6   specific facts.  James, 24 F.3d at 26.  The state court record makes clear that Petitioner's

7   defense counsel unsuccessfully challenged the refiled rape charge.  (Lodg. 10 at 4-5; Lodg. 2,

8   Vol. 1, CT at 0012-28.)  While the Court notes Petitioner was assisted by an interpreter at his

9   preliminary hearing, Petitioner does not claim he was unable to understand or participate in his

10  defense at trial, and his pro se pleading papers demonstrate an adequate grasp of the English

11  language.  James, 24 F.3d at 26.  (Doc. Nos. 6, 14; Lodg. 6, Vol. 2 at 101.)  Lastly, Petitioner's

12  vague references to his relationship and the alleged prediction he received from counsel

13  regarding the outcome and the effects of going to trial, are wholly unsupported by facts and

14  are mere conclusory allegations.  James, 24 F.3d at 26.  Accordingly, the Court denies the

15  habeas petition on this ground.

### E.  Appointment of Counsel and Evidentiary Hearing

17       There is no constitutional right to appointment of counsel in federal habeas proceedings.

18  Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); Knaubert v. Goldsmith, 791 F.2d 722, 728

19  (9th Cir. 1986).  However, a federal court may appoint counsel in habeas proceedings if it

20  "determines that the interests of justice so require."  18 U.S.C. § 3006A(a)(2)(b) (2006);

21  Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984).  In making this determination, the court

22  evaluates the likelihood of success on the merits and the ability of Petitioner to articulate his

23  claims pro se in light of the complexity of the legal issues involved.  Weygandt v. Look, 718

24  F.2d 952, 954 (9th Cir. 1983).  Here, Petitioner's case does not warrant the appointment of

25  counsel because the issues presented are not complex, and Petitioner has articulated his claims

26  reasonably well.  Weygandt, 718 F.2d at 954.  See (Doc. Nos. 6, 9-2.)  An evidentiary hearing

27  is not required because the habeas petition can be resolved by reference to the state court

28  record.  Schriro v. Landrigan, 550 U.S. 465, 474 (2007).  Accordingly, the Court denies

Petitioner's motion for appointment of counsel and request for an evidentiary hearing.

### F.  Certificate of Appealability

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2) (2006). When the district court has rejected a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).  Here, the Court grants a certificate of appealability for the refiling of the rape charge, and denies a certificate of appealability in all other regards.

### CONCLUSION

For the reasons state above, the Court denies Petitioner's motion for appointment of counsel, request for an evidentiary hearing, and all grounds of the habeas petition as follows:

1.      The Court denies the habeas petition.

2.      The Court denies Petitioner's motion for appointment of counsel. (Doc. No. 3.).

3.       The Court denies Petitioner's request for an evidentiary hearing.

4.      The Court denies a certificate of appealability.

**IT IS SO ORDERED.**

DATED: March 5, 2010

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

COPIES TO:

All parties of record.